1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 HOANG MINH TRAN,<br>CDCR #AA-5994, | Civil No.     10-2682 BTM (BLM) |
| 12 | |
| 13                            Plaintiff, | **ORDER:** |
| 14 | **(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*, **[ECF No. 2];** |
| 15                      vs. | |
| 16 | **(2)  DENYING MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [ECF No. 3];** |
| 17 | |
| 18 WILLIAM GORE; E. SCHROEDER; PILE; WILSON; BROWN; JOHN DOES; JANE DOES, | **(3) DISMISSING DEFENDANTS GORE AND SCHROEDER PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A; and** |
| 19 | |
| 20 | |
| 21                            Defendants. | **(4) GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR PROCEED ON SURVIVING CLAIMS** |
| 22 | |

23        Hoang Minh Tran ("Plaintiff"), a state prisoner currently incarcerated at California Men's

24 Colony located in San Luis Obispo, California, and proceeding in pro se, has filed a civil rights

25 Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In*

26 *Forma Pauperis* ("IFP")  [ECF No. 2], as well as a Motion for Appointment of Counsel  [ECF

27 No. 3].

28 / / /

# I.

## MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

# II.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However,

10cv2682 BTM (BLM)

1  the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk

2  of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

3                                          **III.**

4          **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

5          The PLRA also obligates the Court to review complaints filed by all persons proceeding

6  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

7  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

8  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

9  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

10 provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,

11 which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

12 are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

13         First, Plaintiff names Defendants Gore and Schroeder as Defendants but fails to allege

14 any specific factual allegations pertaining to either of these Defendants. There is no respondeat

15 superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

16 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and

17 responsibilities of each individual defendant whose acts or omissions are alleged to have caused

18 a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*

19 *v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff

20 must allege personal acts by each individual Defendant which have a direct causal connection

21 to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir.

22 1986).

23         Supervisory prison officials may only be held liable for the allegedly unconstitutional

24 violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what

25 extent they personally participated in or directed a subordinate's actions, and (2) in either acting

26 or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

27 constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded,

28 however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

1  support an individualized constitutional claim against Defendant Gore or Schroeder.  Thus,

2  Defendants  Gore and Schroeder are dismissed from this action.

3      As for the remaining claims against the remaining Defendants, the Court finds Plaintiff's

4  allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2)

5  and 1915A(b).[1]  Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his

6  behalf.  *See* 28 U.S.C. § 1915(d).

7      However, before the Court directs the U.S. Marshal service to effect service on the

8  remaining claims, Plaintiff will be given the opportunity to amend his Complaint as to the

9  supervisory Defendants.  Plaintiff must either file an Amended Complaint correcting the

10  deficiencies noted above or notify the Court that he intends to proceed only as to the claims that

11  the Court has determined survives the sua sponte screening process.

12                                  **IV.**

13                        **CONCLUSION AND ORDER**

14      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

15      1.    Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1)

16  [ECF No. 3] is **DENIED**.

17      2.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

18  **GRANTED**.

19      3.    The Secretary of California Department of Corrections and Rehabilitation, or his

20  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

21  owed in this case by collecting monthly payments from the account in an amount equal to twenty

22  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

23  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

24  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

25  ASSIGNED TO THIS ACTION.

26      4.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

27  _____

28  [1]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

2  Sacramento, California 95814.

3      **IT IS FURTHER ORDERED** that:

4      5.      Defendants Gore and Schroeder are **DISMISSED** from this action pursuant to 28

5  U.S.C. § 1915(e)(2) & 1915A.

6      6.      Plaintiff has forty five (45) days from the date this Order is Filed to either: (1) file

7  an Amended Complaint which cures all the deficiencies of pleading noted above; or (2) notify

8  the Court of his intention to proceed with the claims that the Court has determined survive the

9  sua sponte screening process.  Following Plaintiff's choice, the Court will issue the appropriate

10  Order.

11

12  DATED:  May 23, 2011

13

14      Honorable Barry Ted Moskowitz
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv2682 BTM (BLM)