UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br>CDCR #AA-5994,<br><br>                                      Plaintiff,<br><br>vs.<br><br>WILLIAM GORE; E. SCHROEDER; PILE; WILSON; BROWN; JOHN DOES; JANE DOES, JOHN GILL; LIZZIE WOMACK; SARANDI MARINA,<br><br>                                      Defendants. | Civil No.    10-2682 BTM (BLM)<br><br>**ORDER DISMISSING DEFENDANTS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT** |

### I.     Procedural History

On December 20, 2010, Hoang Minh Tran ("Plaintiff"), a state prisoner currently incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP").

Plaintiff was granted leave to proceed IFP but the Court dismissed the claims against Defendants Gore and Shroeder pursuant to 28 U.S.C. § 1915(e)(2) & 1915A. *See* May 23, 2011 Order at 4-5.  Plaintiff was given the option of either notifying the Court of an intention to proceed on the surviving claims or file an Amended Complaint correcting the deficiencies of

pleading identified by the Court. *Id.* at 5. Plaintiff chose to file an Amended Complaint [ECF No. 7].

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Plaintiff appears to attempt to correct the problems the Court previously found as to his claims against Defendants Gore and Schroeder. The Court found that the claims against these Defendants were based on respondeat superior liability which is not available under 42 U.S.C. § 1983. *See* May 23, 2011 Order at 3 (citing *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986).

Here, Plaintiff's First Amended Complaint is far from clear, but it appears that he is attempting to allege that there was a policy to deprive a person who is alleged to have made an escape attempt their constitutional rights. (*See* FAC at 7.)  As the Court previously stated, supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they

personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009). There are no specific factual allegations as to either Gore or Schroeder in relation to these alleged policies. Plaintiff's First Amended Complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)).

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Gore or Schroeder. Thus, Defendants Gore and Schroeder remain dismissed from this action.

As for the remaining claims against the remaining Defendants, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

**III.    Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Defendants Gore and Schroeder are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e)(2) & 1915A.

2.    The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [ECF No. 7] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S.

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a
2  certified copy of the Order granting his Motion to Proceed IFP  and a certified copy of his First
3  Amended Complaint and the summons so that he may serve Defendants.  Upon receipt of this
4  "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as
5  possible, and to return them to the United States Marshal according to the instructions provided
6  by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall
7  serve a copy of the First Amended Complaint and summons upon  Defendants as directed by
8  Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.
9  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

10       3.     Plaintiff shall serve upon the Defendants or, if appearance has been entered by
11 counsel, upon Defendants' counsel, a copy of every further pleading or other document
12 submitted for consideration of the Court.  Plaintiff shall include with the original paper to be
13 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
14 of any document was served on Defendants, or counsel for Defendants, and the date of service.
15 Any paper received by the Court which has not been filed with the Clerk or which fails to
16 include a Certificate of Service will be disregarded.

DATED:  December 9, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge