1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12

HOANG MINH TRAN,
CDCR #AA-5994,

13                                              Plaintiff,

14          vs.

15  WILLIAM GORE; E. SCHROEDER; PILE;
    WILSON; BROWN; JOHN DOES; JANE
16  DOES, JOHN GILL; LIZZIE WOMACK;
    SARANDI MARINA,

17                                            Defendants.

18

Civil No.     10-2682 BTM (BLM)

**ORDER DISMISSING DEFENDANTS
AND DIRECTING U.S. MARSHAL
TO EFFECT SERVICE OF FIRST
AMENDED COMPLAINT**

19
20

**I.      Procedural History**

21          On December 20, 2010, Hoang Minh Tran ("Plaintiff"), a state prisoner currently

22  incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding

23  in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a  Motion to

24  Proceed *In Forma Pauperis* ("IFP").

25          Plaintiff was granted leave to proceed IFP but the Court dismissed the claims against

26  Defendants Gore and Shroeder pursuant to 28 U.S.C. § 1915(e)(2) & 1915A.  *See* May 23, 2011

27  Order at 4-5.  Plaintiff was given the option of either notifying the Court of an intention to

28  proceed on the surviving claims or file an Amended Complaint correcting the deficiencies of

1  pleading identified by the Court.  *Id.* at 5.  Plaintiff chose to file an Amended Complaint [ECF

2  No. 7].

3  **II.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

4          As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA")

5  obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

6  Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

7  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

8  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

9  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must

10  sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to

11  state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§

12  1915(e)(2)(B) and 1915A.

13          Plaintiff appears to attempt to correct the problems the Court previously found as to his

14  claims against Defendants Gore and Schroeder.  The Court found that the claims against these

15  Defendants were based on respondeat superior liability which is not available under 42 U.S.C.

16  § 1983.  *See* May 23, 2011 Order at 3 (citing *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th

17  Cir. 1993)).  "The inquiry into causation must be individualized and focus on the duties and

18  responsibilities of each individual defendant whose acts or omissions are alleged to have caused

19  a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo

20  v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff

21  must allege personal acts by each individual Defendant which have a direct causal connection

22  to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir.

23  1986).

24          Here, Plaintiff's First Amended Complaint is far from clear, but it appears that he is

25  attempting to allege that there was a policy to deprive a person who is alleged to have made an

26  escape attempt their constitutional rights.  (*See* FAC at 7.)   As the Court previously stated,

27  supervisory prison officials may only be held liable for the allegedly unconstitutional violations

28  of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they

personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009). There are no specific factual allegations as to either Gore or Schroeder in relation to these alleged policies. Plaintiff's First Amended Complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)).

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Gore or Schroeder. Thus, Defendants Gore and Schroeder remain dismissed from this action.

As for the remaining claims against the remaining Defendants, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

**III.    Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Defendants Gore and Schroeder are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e)(2) & 1915A.

2.      The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [ECF No. 7] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S.

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1   Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a

2   certified copy of the Order granting his Motion to Proceed IFP  and a certified copy of his First

3   Amended Complaint and the summons so that he may serve Defendants.  Upon receipt of this

4   "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as

5   possible, and to return them to the United States Marshal according to the instructions provided

6   by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall

7   serve a copy of the First Amended Complaint and summons upon  Defendants as directed by

8   Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.

9   *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

10          3.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by

11   counsel, upon Defendants' counsel, a copy of every further pleading or other document

12   submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

13   filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

14   of any document was served on Defendants, or counsel for Defendants, and the date of service.

15   Any paper received by the Court which has not been filed with the Clerk or which fails to

16   include a Certificate of Service will be disregarded.

DATED:  December 9, 2011

Honorable Barry Ted Moskowitz
United States District Judge