UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br>CDCR #AA-5994,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM D. GORE, Sheriff;<br>E. SCHROEDER, San Diego Sheriff Officer;<br>BRANDT O. PILE, San Diego Sheriff<br>Officer (erroneously sued as "PILE DOE");<br>WILSON DOE; San Diego Sheriff Officer;<br>BROWN DOE, San Diego Sheriff Officer;<br>JOHN DOES, GBDF Doctors; JANE DOES,<br>GBDF Doctors; JOHN DOES, 5A Rover<br>Sheriff Officer; JANE DOE, GBDF Nurse;<br>JOHN GILL, M.D., San Diego County<br>Medical Service Division; LIZZIE<br>WOMACK, R.N.; SARANDI MARINA, San<br>Diego County Medical Services Division;<br>JOHN DOES 1-3, San Diego Sheriff<br>Officers,<br><br>        Defendants. | Civil No. 10cv2682 BTM (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 25]** |

  Plaintiff, a former state prisoner, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On May 23, 2011, and while Plaintiff was still incarcerated, the Court denied his first request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 4). On August 27, 2012, Plaintiff filed a second Motion requesting appointment of pro bono counsel (ECF No.

25), this time claiming such an appointment is necessary because, while no longer incarcerated, he is "under heavy psychotropic medications," has "physical walking disability," and a "hearing impairment." (*Id.* at 1-2.) Plaintiff contends the Court must appoint counsel pursuant to its Plan for Representation of Pro Se Litigants in Civil Cases, as adopted by General Order No. 596.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

No doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Thus, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which

might *require* the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

On August 4, 2011, this Court adopted a Plan for the Representation of Pro Se Litigants in Civil Cases. *See* S.D. Cal. General Order No. 596. Pursuant to the Plan, the Court may–but is not required to–select a case for appointment of pro bono counsel, upon the consideration of several factors, including: (1) the inability of the pro se party to retain counsel by other means; (2) the potential merit of the claims as set forth in the pleadings; (3) the nature and complexity of the action, both factually and legally, including the need for factual investigation and evidentiary presentation at motions or trial; (4) whether the pro se party has another case pending before this Court and, if so, whether counsel has been appointed in such case; (5) the degree to which the ends of justice will be served by appointment of counsel, including the extent to which the Court may benefit by appointment of counsel; and (6) any other factors deemed appropriate.

In this case, Plaintiff fails to demonstrate the extraordinary circumstances necessary to justify a pro bono appointment either under *Wilborn* and its progeny or General Order 596. Plaintiff has not shown how his medical conditions prevent him from sufficiently prosecuting his lawsuit.[1] In fact, Plaintiff's filings in this case, and in several others he is currently litigating in the Southern District of California,[2] show he has both a good grasp of the bases of his claims, and has been able to articulate them in light of the relative complexity of the legal issues involved. *Agyeman,* 390 F.3d at 1103 ; *Terrell*, 935 F.2d at 1017; *Palmer*, 560 F.3d at 970 (finding district court did not abuse its discretion in refusing to appoint counsel when pro se prisoner "had done 'quite a good job' putting on his case and was able to "present evidence effectively."). In addition, the Court has considered the factors set out in its Pro Bono Plan, and determines that appointment of pro bono counsel is not warranted at this time.

---

[1] Plaintiff merely states that his medications slow his response time (possibly due to a hearing loss) and cause "dizziness, drowsiness, and lack of concentration." ECF No. 25 at 1, n.1. Plaintiff also states that he has difficulty walking and chronic pain. Id. at 2.

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ((quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Plaintiff is simultaneously proceeding pro se in *Tran v. Gore, et al.,* S.D. Cal. Civil Case No. 10cv0464 GPC (DHB) and *Tran v. Gore, et al.*, S.D. Cal. Civil Case No. 10cv2457 BTM (WVG).

Finally, the Court notes that Plaintiff is no longer restricted by his imprisonment and was able to retain counsel on his own in *Tran v. Gore*, S.D. Cal. Civil Case No. 10cv0464 GPC (DHB), but that counsel eventually withdrew.

For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 25).

**IT IS SO ORDERED**.

DATED:  October 24, 2012

*[signature]*

BARBARA L. MAJOR
United States Magistrate Judge