UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>           Plaintiff,<br>v.<br><br>WILLIAM D. GORE, et al.<br><br>           Defendants. | Case No. 10cv2682-BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY AND REQUEST FOR SANCTIONS**<br><br>**[ECF No. 26]** |

On October 11, 2012, Defendants Sarandi Marina, Lizzie Womack, and Brandt O. Pile ("Defendants") filed a motion to compel discovery and request for sanctions pursuant to Fed. R. Civ. P. ("Rule") 37, alleging that Plaintiff, a former state prisoner proceeding *pro se*, had failed to answer interrogatories and produce requested documents. ECF No. 26 ("MTC"). On October 11, 2012, the Court issued a briefing schedule ordering Plaintiff to file an opposition to the motion on or before October 30, 2012. ECF No. 27. Plaintiff failed to do so. See Docket. The Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). ECF No. 27.

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, Defendants' motion to compel Plaintiff to respond to discovery and request for sanctions is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff initiated this action with the filing of his complaint on December 20, 2010. ECF No.

1. On July 25, 2011, Plaintiff filed his First Amended Complaint. ECF No. 7 ("FAC"). In his FAC, Plaintiff alleges that his civil rights were violated and he was denied equal protection, freedom of speech, due process, adequate medical care, and freedom from cruel and unusual punishment while he was detained in the George F. Bailey Detention Facility on August 1st, 6th, and 12th 2009. Id. at 1-4. Specifically, Plaintiff alleges that he was denied a welfare package containing various personal hygiene products and forced into solitary confinement without any type of hearing. Id. at 2-3. Plaintiff further contends that he was improperly denied medication for hemorrhoids in retaliation for his alleged role in the high profile escape of another inmate from the detention facility. Id. at 4-5. Finally, Plaintiff alleges that certain Defendants illegally confiscated his bible, violating his right to freedom of religion. Id. at 6.

Plaintiff filed a motion for appointment of counsel on December 20, 2010. ECF No. 3. That motion was denied on May 23, 2011 in an order finding that neither the interests of justice nor exceptional circumstances warranted the appointment of counsel. Id. at 2.

On February 21, 2012, Defendant John Gill, M.D., filed a motion to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) for failure to state a claim. ECF No. 19. On May 31, 2012, Defendants Sarandi Marina, Lizzie Womack, and Brandt O. Pile filed answers to the FAC. ECF Nos. 21 and 22.

On August 27, 2012, Plaintiff filed another motion for appointment of counsel after being released from incarceration. ECF No. 25. That motion was denied on October 24, 2012 because Plaintiff again failed to establish "the extraordinary circumstances necessary to justify a pro bono appointment." ECF No. 30 at 3.

On August 17, 2012, Defendants served Plaintiff with interrogatories and requests for production of documents. MTC at 1; ECF No. 26-3 ("Lodgments") at 3-34, Exhibits 1-6. Plaintiff failed to provide any discovery responses by the September 19, 2012 due date. MTC at 2. Because Plaintiff does not have a contact telephone number listed on the docket, Defendants attempted to meet and confer with Plaintiff by letter sent on October 4, 2012 regarding his overdue responses. Id.; ECF. No. 26-2 ("Sanchez Decl.") at 1-2; and Lodgments at 36-37, Exh. 7. In the letter, Defendants requested that Plaintiff respond within five days. Id. Plaintiff failed

to do so.  MTC at 2 and Sanchez Decl. at 2.  To date, Plaintiff has not responded to the discovery requests or Defendants' letter.  Id.

## LEGAL STANDARD

The scope of discovery is defined by Rule 26(b), which permits litigants to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1).  In the discovery context, relevant information includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial.  Id.  District courts enjoy broad discretion both to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Rule 26(b)(2).

A motion to compel is appropriate when a party fails to provide responses to interrogatories submitted under Rule 33, or fails to produce relevant, non-privileged documents requested pursuant to Rule 34.  Rule 37(a)(3)(B).  An evasive or incomplete answer or response to a discovery request is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). A motion to compel must include certification that the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Rule 37(a)(1).

The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, and supporting its objections.  DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## DISCUSSION

Defendant seeks an order compelling Plaintiff to respond "to Defendants' written discovery or correspondence regarding his failure to respond."  MTC at 3.  In addition, Defendants seek "the imposition of monetary sanctions against Plaintiff."  Id.  Plaintiff has not filed an opposition. See Docket.

The Court has reviewed the interrogatories and requests for production propounded by Defendants to Plaintiff. Lodgments, Exhibits 1-6. Because the Court finds that the discovery requests are both relevant and appropriate, and because Plaintiff has failed to provide any explanation or justification for his failure to respond to the requests, Defendants' motion to compel is **GRANTED**. Plaintiff must provide responses to all of the interrogatories and requests for production [Lodgments, Exhibits 1-6] on or before **November 30, 2012**.

Defendants also request $206.00 compensation for fees incurred in preparing the instant motion to compel. Sanchez Decl. at 2. This Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion" unless, inter alia, "circumstances make an award of expenses unjust." Rule 37(a)(5)(A).

Given Plaintiff's status as a *pro se* litigant and repeated statements that he is indigent [ECF Nos. 2, 6, and 33][1], the Court finds an award of monetary sanctions at this time would be unjust. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (Section 1983 complaints filed by *pro se* prisoners held "to less stringent standards"). Therefore, Defendants' request for monetary sanctions is **DENIED**.

However, the Court reminds Plaintiff that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." Briere v. Chertoff, 271 Fed.Appx. 682, 683 (9th Cir. 2008) (quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff elected to bring the instant action and he is bound by the rules governing litigation. The Court therefore stresses to Plaintiff that he **must** comply with this order and respond to the written discovery by **November 30, 2012**. The Court warns Plaintiff that failure to comply with this Order and failure to respond to all of the written discovery by **November 30, 2012**, may result in the imposition of monetary sanctions, evidentiary sanctions, and/or the dismissal of his case. See Rules 11 & 37 (court's authority to impose sanctions for violations of rules of procedure); Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (court's "inherent" power to impose sanctions); CivLR 83.1 ("failure to comply

---

[1] Plaintiff has brought at least two other cases where he has also asserted that he cannot afford counsel because he is indigent. See Tran v. Ortega, et al., S.D. Cal. Civil Case No. 10cv2457-BTM (WVG) (ECF Nos. 2 and 29 at 3); see also Tran v. Gore, et al., S.D. Cal. Civil Case No. 10cv0464 GPC (DHB) (ECF Nos. 2, 3, and 12).

with ... any order of the court may be ground for imposition by the court of ... monetary sanctions or attorney's fees and costs").

The Court is aware that Plaintiff has, on multiple occasions, claimed that he is mentally incompetent and unable to represent himself due to both the physical and mental impairments from which he is suffering. ECF Nos. 3 and 25. In fact, this issue has been raised in both the instant matter and other cases that have been filed by Plaintiff in the Southern District of California. See Tran v. Gore, S.D. Cal. Civil Case No. 10cv0464 GPC (DHB) at ECF Nos. 12 and 55; and Tran v. Ortega, S.D. Cal. Civil Case No. 10cv2457 BTM (WVG) at ECF Nos. 3, 27, and 29; see also Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating that a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)). However, despite Plaintiff's claims, the district court has repeatedly held that Plaintiff is capable of representing himself and does not qualify for the appointment of *pro bono* counsel. ECF Nos. 4 & 30; see also Tran v. Gore, S.D. Cal. Civil Case No. 10cv0464 GPC (DHB) at ECF Nos. 4, 23, 61, 151, 167, 171, and 174; and Tran v. Ortega, S.D. Cal. Civil Case No. 10cv2457 BTM (WVG) at ECF Nos. 4, 28, and 30. The Court, therefore, reiterates that despite Plaintiff's alleged ailments, Plaintiff is required to respond to all of Defendants' discovery requests by **November 30, 2012**. Failure to do so could result in the dismissal of this case.

**IT IS SO ORDERED.**

DATED: November 7, 2012

BARBARA L. MAJOR
United States Magistrate Judge