1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   HOANG MINH TRAN,                          Civil No.    10cv2682 BTM (BLM)
     CDCR #AA-5994,

12                                  Plaintiff,
                                               **ORDER:**
13
                                               **1)  GRANTING DEFENDANT**
14               vs.                           **GILL'S MOTION TO DISMISS**
                                               **PLAINTIFF'S AMENDED**
15                                             **COMPLAINT PURSUANT**
                                               **TO FED.R.CIV.P. 12(b)(6)**
16   WILLIAM D. GORE, Sheriff;                 **(ECF Dkt. No. 19)**
     E. SCHROEDER, San Diego Sheriff Officer;
17   BRANDT O. PILE, San Diego Sheriff Officer **AND**
     (erroneously sued as "PILE DOE"); WILSON
18   DOE; San Diego Sheriff Officer; BROWN     **2) DISMISSING DEFENDANTS**
     DOE, San Diego Sheriff Officer; JOHN DOES, **FOR FAILURE TO AMEND**
19   GBDF Doctors; JANE DOES, GBDF Doctors;    **AND/OR PROSECUTE**
     JOHN DOES, 5A Rover Sheriff Officer; JANE
20   DOE, GBDF Nurse; JOHN GILL, M.D., San
     Diego County Medical Service Division;
21   LIZZIE WOMACK, R.N.; SARANDI
     MARINA, San Diego County Medical Services
22   Division; JOHN DOES 1-3, San Diego Sheriff
     Officers,
23
                                  Defendants.
24

25

26       In this civil rights case, Hoang Minh Tran ("Plaintiff"), formerly incarcerated at George

27   F. Bailey Detention Facility ("GFBDF") in San Diego, is proceeding in pro se and *in forma*

28   *pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a).

1 **I.      Procedural Background**

2       In his Amended Complaint (ECF Dkt. No. 7), Plaintiff alleges violations of his First,

3 Eighth, and Fourteenth Amendment rights arising in August 2009 while he was a pretrial

4 detainee at GFBDF.

5       Plaintiff names only the following Defendants:  Brandt O. Pile (erroneously sued as "Pile

6 Doe"), Wilson Doe, Brown Doe, John Gill, Jane Doe, M.D., Lizzie Womack, and Sarandi

7 Marina.  *See* Amend. Compl. (ECF Dkt No. 7) at 1, 4.  All other persons listed in the caption of

8 this case were either dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b), *see*

9 May 23, 2012 Order (ECF Dkt. No. 4), or were named as Defendants in Plaintiff's original

10 Complaint (ECF Dkt. No. 1), but not-renamed as parties in his Amended Complaint (ECF Dkt.

11 No. 7).  "[A]n amended pleading supersedes the original."  *Hal Roach Studios, Inc. v. Richard*

12 *Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *see also Ferdik v. Bonzelet*, 963 F.2d

13 1258, 1262 (9th Cir. 1992).  "All causes of action alleged in an original complaint which are not

14 alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

15 (citation omitted).

16       Defendants Pile, Marina and Womack have filed Answers to Plaintiff's Amended

17 Complaint (ECF Dkt. Nos. 21, 22).  However, the U.S. Marshal was unable to execute service

18 upon Defendants "Brown Doe" and "Wilson Doe" because officials at GFBDF, where Plaintiff

19 indicated they could be found, were "unable to identify" either official "due to multiple staff

20 members with the same last name." (ECF Dkt. Nos. 11, 12.)  The docket does not show service

21 (either attempted, unexecuted, or executed) upon "Jane Doe, M.D."  Thus, while Plaintiff's IFP

22 status entitled him to U.S. Marshal service, his failure to either adequately identify Brown Doe,

23 Wilson Doe, or Jane Doe, M.D., or otherwise provide the U.S. Marshal with more complete

24 information as to their identities and where they might be served, requires dismissal of any claim

25 as to these purported parties pursuant to FED.R.CIV.P. 4(m).  *See Walker v. Sumner*, 14 F.3d

26 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with accurate

27 and sufficient information to effect service of the summons and complaint, the court's sua sponte

28 dismissal of the unserved defendants is appropriate).

1    Currently before the Court is Defendant Gill's Motion to Dismiss Plaintiff's First

2 Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) (ECF Dkt. No. 7).  Plaintiff has filed a

3 Response in Opposition (ECF Dkt. No. 24), to which Defendant Gill has filed a Reply (ECF Dkt.

4 No. 20).

5  **II.    Factual Allegations**

6    Plaintiff divides the claims in his Amended Complaint into three "counts," each asserting

7 factual allegations against different defendants, and each invoking various bases of constitutional

8 injury.  *See* Amend. Compl. at 2-3 ("Count 1"); 4-5 ("Count 2); and 6-8 ("Count 3").

9    In "Count 1", Plaintiff claims that on August 1, 2009, while he was a pretrial detainee at

10 GFBDF, Deputies Brown and Wilson "deliberately deprived [him] of his hygiene items" which

11 were necessary for his "well-being" and "sanitary clean[liness]."  (Amend. Compl. at 2.)

12 Subsequently, Plaintiff alleges to have complained to Defendant Pile, a Sergeant in the

13 Administrative Segregation Module where he was housed, that Brown and Wilson had deprived

14 him of the "welfare package" they had given every other inmate in order to retaliate against him

15 for his "alleged role [i]n a high-profile escape by a similar[ly] named inmate" who had been

16 "wrongfully released on 10/29/2008 under Plaintiff's wife's bail bond money."  (*Id.*; *see also*

17 Pl.'s Decl. [ECF Dkt. No. 7-2, 7-3].)[1]  Plaintiff claims that "[a]lthough Pile agreed to give [him]

18 a hygiene package," he never received one.  (Amend. Compl. at 2.)[2]  Plaintiff asserts that both

19

20    [1] On October 8 or 9, 2008, Plaintiff, Hoang Minh Tran was arrested, booked into the San Diego County Jail and charged with possession of stolen property. (Pl.'s Decl. [ECF No. 7-2] ¶ 4.)  Plaintiff's
21 co-defendant, Tuan Tran, who shared Plaintiff's nationality and sur-name, and who resembled him physically, was arrested on the same day. *See People v. Tran*, 2011 WL 2164555 (Cal. Ct. App. June
22 2, 2011) (No. D055728) (unpub.), *review denied,* (Aug. 17, 2011) at *1; *see also Bias*, 508 F.3d at 1225 (noting that a court "'may take notice of proceedings in other courts, both within and without the federal
23 judicial system, if those proceedings have a direct relation to matters at issue.'").  In his Amended Complaint, Plaintiff claims GFBDF officials mistreated him based on his "alleged" role in his co-
24 defendant's escape.  However, a jury found Plaintiff guilty of aiding Tuan Tran's escape by swapping his standard-issue identification wristband with him.  Plaintiff was sentenced to an eight-month prison
25 term for aiding a prisoner's escape in violation of CAL. PENAL CODE § 4534, and his conviction was subsequently upheld on appeal.  *Tran*, 2011 WL 2164555 at *1-2.

26    [2] In a San Diego County Sheriff's Department Inmate Grievance/Appeal of Discipline form
27 dated August 1, 2009, attached to Plaintiff's Amended Complaint as Exhibit A, Plaintiff requested a "jailhouse welfare package" and complained his verbal requests to Deputies Wilson and Brown were
28 all "futile."  (Pl.'s Ex. A [ECF No. 7-1] at 2.)  Plaintiff demanded "fair and equal treatment" and an "internal investigation."  (Id.)  The bottom of the form, reserved for "official use" is signed illegibly by a "receiving staff member" and designated as ARJIS #5412 with the following response: "Ordered stores

1    his placement and the conditions in "solitary confinement" for "19 long days" imposed an

2    "extraordinary hardship" upon him because he was unable to brush his teeth or wash, his

3    administrative grievances went unanswered, and he was subjected to a "living hell on top of [his]

4    frail health."[3]  (*Id.* at 2, 7.)

5         In Count 2, Plaintiff alleges that from June 1, 2009 to August 6, 2009, Defendants "John

6    Gill, M.D., Jane Doe M.D., Lizzie Womack and Sarandi Marina (R. Nurses)" "denied ... his

7    external hemorrhoid medication (Docusate Sodium 100 mg)." (Amend. Compl. at 4.)  Plaintiff

8    alleges to have made "verbal complain[ts]" to the Administrative Segregation Unit (ASU)

9    "Rover Deputies John Doe(s) 1-3" and "nurses" whose job it was to deliver daily medication to

10   inmates.  (*Id.*)  Plaintiff also claims to have filed "written grievances on the matter to GFBDF

11   supervisor[s] from the San Diego County Sheriff's Department."  In support, Plaintiff points to

12   his Exhibit B, which appears to be a copy of an San Diego County Sheriff's Department "Inmate

13   Grievance/Appeal of Discipline" form dated August 6, 2009.  (Pl.'s Ex. B [ECF Dkt. No. 7-1]

14   at 5.)  In this grievance, Plaintiff claims to have filed medical sick call requests "in the past more

15   than fifty five days" asking to be "seen by a county health care physician."  Plaintiff complains

16   of both "chronic hemorrhoid exterior pain" and a "weak heart."  (*Id.*)  This form is marked

17   "received by RN #6557" on August 7, 2009. (*Id.*)  However, Plaintiff contends GFBDF officials

18   "purposefully failed to act" in response to his grievances "for more than sixty-five (65) painful

19   days." (Amend. Compl. at 4.)

20        During that time, Plaintiff again alleges "all of the named defendants," including several

21   unidentified and unserved Does, denied him medication for his painful hemorrhoids, in violation

22   of the Eighth and Fourteenth Amendments and "in retaliation" for the "deep public

23

24   on 7/30/09.  Transaction of $19.54 for purchase of commissary on 7/31/09.  Transaction #402057190."

25        [3]  On August 1, 2009, Plaintiff claims to have been suffering from an "assault" and "post-
     operative hernia injury" which had occurred on "3/2/09." (Amend. Compl. at 3; *see also* Pl.'s Decl.
26   [ECF No. 7-2].)  These allegations are part of separate civil action Plaintiff is litigating against a
     different set of defendants and which is currently pending before Judge Sabraw in *Tran v. Gore, et al.*,
27   S.D. Cal. Civil Case No. 10cv0464 GPC (DHB).  In fact, the Declaration Plaintiff attaches to his
     Amended Complaint in this case is identical, except for the first page, to a Declaration he submitted in
28   support of his First Amended Complaint in *Tran v. Gore*, S.D. Cal. Civil Case No. 10cv0464 GPC
     (DHB) (ECF No. 34-1).

1   embarrassment" caused by his "alleged" role in another inmate's "high-profile escape." (*Id.* at

2   4-5.)

3          In "Count 3" Plaintiff alleges that on August 6, 2009, Deputies Brown and Wilson

4   "unlawfully confiscated [his] personal property," including a Holy Bible, and denied his "rights

5   to his Catholic religious practice," which caused him to suffer anxiety attacks and "severe

6   emotional distress." (Amend. Compl. at 6.)

7          Plaintiff concludes that "all named defendants" named in Counts 1-3 deprived him of

8   property, medical care, and "wrongfully confine[d]" in Ad-Seg without a hearing, and that

9   "retaliation ... lie[s] at the heart of these unconstitutional acts." (*Id.* at 8.)  Plaintiff seeks general

10  and punitive damages as well as an injunction preventing "future reprisal" and no "contact

11  whatsoever upon [his] release." (*Id.* at 10.)

12  **III.    Defendant Gill's Motion to Dismiss Plaintiff's Amended Complaint**

13         Defendant Gill seeks dismissal of Plaintiff's Amended Complaint pursuant to

14  FED.R.CIV.P. 12(b)(6) on grounds that: (1) it fails to allege facts sufficient to show that he

15  conspired and/or retaliated against Plaintiff; (2) it fails to allege facts sufficient to show he

16  denied Plaintiff medical care in violation of the Eighth Amendment;[4] and (3) his medical care

17  claims are unexhausted. (Def.'s P&As in Supp. of Mot. to Dismiss [ECF Dkt. No. 19-1] at 2-7.)

18         **A.     FED.R.CIV.P. 12(b)(6) Standard of Review**

19         A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory'

20  or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside*

21  *Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica*

22  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must

23  provide a "short and plain statement of the claim showing that [he] is entitled to relief."  *Id.*

24

---

25         [4] Allegations of failure to provide medical care to pre-trial detainees arise under the Due Process
    Clause of the Fourteenth Amendment, not under the Eighth Amendment's Cruel and Unusual
26  Punishments Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny
    is appropriate only after the State has complied with the constitutional guarantees traditionally associated
27  with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the
    Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance
28  with due process of law."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because
    [plaintiff] had not been convicted of a crime, but only arrested, his rights derive from the due process
    clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

1   (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the

2   defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson*

3   *v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

4        A motion to dismiss should be granted, however, if the plaintiff fails to "state a claim to

5   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

6   claim has facial plausibility when the plaintiff pleads factual content that allows the court to

7   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

8   *v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

9        The court need not accept as true allegations that are conclusory, legal conclusions,

10   unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State*

11   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 129 S. Ct. at 1949 ("Threadbare recitals of

12   the elements of a cause of action, supported by mere conclusory statements, do not suffice."); 

13   *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal

14   conclusion couched as a factual allegation.").  "The pleading standard Rule 8 announces does

15   not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-

16   unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at

17   555).

18        Claims asserted by pro se petitioners, "however inartfully pleaded," are held "to less

19   stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 519-20;

20   *Erickson*, 551 U.S. at 94.  Because "*Iqbal* incorporated the *Twombly* pleading standard and

21   *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se

22   filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7

23   (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (noting that

24   courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to

25   construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")).

26        In addition, when resolving a motion to dismiss for failure to state a claim, the court may

27   not generally consider materials outside  the pleadings, except for exhibits which are attached.

28   *See* FED.R.CIV.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part

1    of the pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194,

2    1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Casualty Co.*, 120 F.3d 171, 172 (9th

3    Cir. 1997); *Allarcom Pay Television Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.

4    1995).  "The focus of any Rule 12(b)(6) dismissal ... is the complaint."  *Schneider*, 151 F.3d at

5    1197 n.1.  The court may also review "materials of which the court may take judicial notice."

6    *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), including public records and "proceedings

7    in other courts, both within and without the federal judicial system, if those proceedings have

8    a direct relation to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. Nov.

9    2007) (quoting *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

10          **B.      Conspiracy and/or Retaliation Claims**

11         Defendant Gill first seeks dismissal on grounds that, to the extent Plaintiff's claims

12    against him are "predicated on conclusory allegations of a conspiracy to violate [his] Eighth

13    Amendment rights," they are insufficient to state a claim upon which § 1983 relief can be

14    granted.  (Def.'s P&As in Supp. of Mot. to Dismiss [ECF Dkt. No. 19-1] at 3-4.)  The Court

15    agrees.

16         To state a claim for conspiracy, Plaintiff must allege specific facts showing two or more

17    persons intended to accomplish an unlawful objective of causing him harm and took some

18    concerted action in furtherance of that goal.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

19    856–57 (9th Cir. 1999).  In other words, Plaintiff "must show 'an agreement or "meeting of the

20    minds" to violate constitutional rights.'"  *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006)

21    (citing *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)); *Margolis v. Ryan*, 140 F.3d 850, 853

22    (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing

23    an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143

24    F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege

25    at least facts from which such an agreement to deprive him of rights may be inferred).

26    Conclusory allegations of wide-spread conspiracy, however, are insufficient to state a valid

27    § 1983 claim.  *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam); *see also*

28    *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations

1   of official participation in civil rights violations are not sufficient to withstand a motion to

2   dismiss.”''); *Aldabe,* 616 F.2d at 1092 (holding conclusory allegations of conspiracy insufficient

3   to support a claim under section 1983).

4          With respect to Defendant Gill specifically, Plaintiff alleges only that he acted with

5   "deliberate indifference" to Plaintiff's medical needs by denying him external hemorrhoid

6   medication for a period lasting 65 days.  (Amend. Compl. at 4.)  Plaintiff further alleges to have

7   "plead[ed] to the (GFBDF) jail officials," including "5A Rover Deputies John Does 1-3" and

8   "nurses who[] deliver[ed] daily medications to inmates," and to have filed administrative

9   complaints with "jail officials" regarding his "vulnerability" and "frail health condition," and

10  to have suffered from painful bowel movements and a bleeding rectum, (*id.* at 5), yet his

11  Amended Complaint contains no further *factual* support to suggest or show that Defendant Gill's

12  action or failure to act with regard to his medical care was the result of some agreement with any

13  other person intended to violate Plaintiff's constitutional rights.  *See Hart*, 450 F.3d at 1069;

14  *Margolis*, 140 F.3d at 853.  Instead, it merely contains "conclusory allegations" of wrongdoing

15  which are insufficient as a matter of law to state a claim to relief that is "plausible on its face."

16  *Ivey*, 673 F.2d at 268; *Aldabe*, 616 F.3d at 1092; *Iqbal,* 129 S. Ct. at 1949 (noting a complaint

17  does not satisfy either FED.R.CIV.P. 8 or FED.R.CIV.P. 12(b)(6) if it only "tenders 'naked

18  assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557).

19         To state a claim based on retaliation, Plaintiff must plead:  (1) a particular state actor took

20  some adverse action against him; (2) the adverse action was taken because he engaged in

21  conduct protected by the First Amendment; (3) the adverse action actually chilled the exercise

22  of his First Amendment rights; and (4) the adverse action did not reasonably advance a

23  legitimate penological purpose or goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.

24  2005).

25         Just as his Amended Complaint contains only vague and conclusory allegations of a

26  widespread conspiracy involving "all defendants," including Gill, to deprive him of personal

27  property and deny him medical care, it also fails to include any factual support for a claim based

28  on retaliation.  While Plaintiff alleges all Defendants "took adverse action," *e.g.*, denied him a

1  "welfare package," hemorrhoid medication, and a Bible, and "wrongfully confin[ed]" him in Ad-

2  Seg. (Amend. Comal. at 2-8), he does not allege these acts were taken against him *because* he

3  exercised any constitutional right, or that his First Amendment rights were in any way "chilled"

4  as a result. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)

5  (retaliation claim requires allegation that constitutionally protected conduct was a "substantial"

6  or "motivating" factor in the defendant's decision to act); *Gomez v. Vernon*, 255 F.3d 1118, 1127

7  (9th Cir. 2001) ("[Without alleging a chilling effect, a retaliation claim without allegation of

8  other harm is not actionable.") (citation omitted).

9       Instead, Plaintiff alleges only that "the named defendants act[ed] maliciously in retaliation

10  for his 'alleged' high-profile escape." (Amend. Compl. at 5.)  Thus, even if the Court were to

11  presume GFBDF officials segregated Plaintiff because they suspected he was involved in

12  another inmate's escape and limited his privileges as a result, these allegations actually defeat,

13  and do not support, his claim of retaliation. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th

14  Cir. 1994) (per curiam) (plaintiff must allege retaliatory action "does not advance legitimate

15  penological goals, such as preserving institutional order and discipline."); *Procunier v. Martinez*,

16  416 U.S. 396, 412 (1974) (recognizing "the preservation of internal order and discipline, [and]

17  the maintenance of institutional security against escape" as legitimate penological interests).

18       Accordingly, the Court finds Plaintiff's Amended Complaint fails to alleges facts

19  sufficient to state either a conspiracy or retaliation claim, and GRANTS Defendant Gill's Motion

20  to Dismiss those claims pursuant to FED.R.CIV.P. 12(b)(6).

21       **C.    Inadequate Medical Treatment Claims**

22       Next, Defendant Gill argues Plaintiff has failed to state an Eighth Amendment claim

23  against him related to his medical care.  (Def.'s P&As in Supp. of Mot. [ECF Dkt. No. 19-1] at

24  5-6.)

25       Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth

26  Amendment's prohibition of cruel and unusual punishment, applies to pretrial detainees, *Bell v.*

27  *Wolfish*, 441 U.S. 520, 537 n.16 (1979), courts in the Ninth Circuit apply the same standards in

28  both cases. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010)

1    (applying deliberate indifference standard to medical care claims raised by estate of suicidal

2    pretrial detainee); *see also Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir 2003)

3    (applying deliberate indifference standard to diabetic pretrial detainee's claims of inadequate

4    medical treatment).

5           A prison or jail official cannot be liable for deliberate indifference unless he or she

6    "knows of and disregards an excessive risk to inmate health or safety; the official must both be

7    aware of facts from which the inference could be drawn that a substantial risk of serious harm

8    exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In

9    other words, the pretrial detainee must allege the official was "(a) subjectively aware of the

10   serious medical need and (b) failed adequately to respond."  *Conn v. City of Reno*, 591 F.3d

11   1081, 1096 (9th Cir. 2010) (citing *Farmer*, 511 U.S. at 828).  Thus, "[d]eliberate indifference

12   is a high legal standard," and claims of medical malpractice or negligence are insufficient to

13   establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir.

14   2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

15          In his Amended Complaint, Plaintiff alleges only that "[f]rom June 1, 2009 to August 6,

16   2009," he "was denied ... external hemorrhoids medication (Docusate Sodium 100 mg) by

17   defendants John Gill, M.D., Jane Doe, M.D., Lizzie Womack, and Sarandi Marina (R. Nurses)."

18   (Amend. Compl. at 4.)  Plaintiff further claims to have complained to and to have filed "written

19   grievances on the matter" with "ASU 5S Rover Deputies John Does 1-3" and unidentified nurses

20   who "deliver[ed] daily medications."  (*Id.*)  Plaintiff further claims to have "plead[ed] to the

21   (GFBDF) jail officials (supervisory) for immediate intervention," but to no avail. (*Id.*) Nowhere

22   *in his Amended Complaint*, however, does Plaintiff identify Dr. Gill as one of the persons to

23   whom he complained.[5]

24

25        [5] In his Opposition, Plaintiff points to another of his cases, *Tran v. County of San Diego*, S.D.
     Cal. Civil Case No. 10cv0464 GPC (POR), in which he claims Defendant Gill "was in charge of the San
26   Diego County Medical Division" at GFBDF "at the time of this instant offense" and that he was also
     responsible for treating Plaintiff's "seizure disorder," and that his "fail[ure] to prescribe Dilantin" from
27   October 12, 2008 to January 4, 2009 resulted in Plaintiff suffering a "grand mal seizure" and
     hospitalization at UCSD Medical Center. (Pl.'s Opp'n at 2-3.)  These allegations are not before this
28   Court, however, nor does the fact that Plaintiff is suing Dr. Gill in another case based on a separate
     allegation of inadequate medical treatment provide factual support of his deliberate indifference claims
     in this case.  And while Plaintiff also claims in his Opposition that he submitted "multiple medical

1    Defendant Gill does not argue that Plaintiff's medical needs were not sufficiently

2 "serious" to warrant constitutional protection. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

3 (noting that a "serious" medical need exists [under the Eighth Amendment] if the failure to treat

4 a prisoner's condition could result in further significant injury or the "unnecessary and wanton

5 infliction of pain."). Defendant Gill does assert, however, that Plaintiff's medical care claims

6 of "deliberate indifference," much like his conspiracy and retaliation claims, are merely

7 "conclusory allegations with no factual support" and are insufficient to show that he had the

8 "sufficiently culpable" state of mind required to suggest any "deliberate indifference" on his

9 part. (Def.'s P&A's in Supp. of Mot. at 6.) Specifically, Defendant argues that Plaintiff "never

10 clarifies or established any interaction between himself and Dr. Gill," and that his pleading

11 contains no "identification of specific actions taken by Dr. Gill." Instead, Plaintiff merely

12 includes Gill in a "list" of defendants who are alleged to have denied Plaintiff "an over-the-

13 counter oral stool softener." (*Id.*)

14    The Court agrees that Plaintiff's Amended Complaint indeed fails to allege facts

15 sufficient to show that Dr. Gill was personally responsible for the denial of his hemorrhoid

16 medication, that he was aware of Plaintiff's serious medical need, and that even if he knew of

17 Plaintiff's plight, that he subjectively failed to adequately respond under the circumstances.

18 *Conn*, 591 F.3d at 1096. "Deliberate indifference" exists only when a prison official "knows of

19 and disregards an excessive risk to inmate health and safety; the officials must both be aware of

20 the facts from which the inference could be drawn that a substantial risk of serious harm exists,

21 and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Toguchi*, 391 F.3d at 1057; *see*

22 *also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[Difference of medical opinion"

23 / / /

24

25 grievance[s] *to* defendant Dr. John Gill" related to his hemorrhoid medication (Pl.'s Opp'n [ECF Dkt. No. 24 at 3), Defendant Gill is correct to note that Plaintiff's Amended Complaint contains "no allegation about conveying said concerns or grievances to Dr. Gill" specifically. (Def.'s P&As in Supp. of Mot. at 5.) *See also Schneider*, 151 F.3d at 1197 n. 1 ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint.").

26

27

28

1   between a prisoner and his physicians concerning the appropriate course of treatment are

2   "insufficient as a matter of law, to establish deliberate indifference.").

3        Thus, while Plaintiff claims "jail officials ... purposefully failed to act" in response to his

4   "dire grievance petitions," and that he suffered for 65 days with painful hemorrhoids as a result,

5   his Amended Complaint, at least with respect to Dr. Gill, contains only the type of "unadorned

6   ... the defendant-unlawfully-harmed-me accusation[s]," that are insufficient to state a plausible

7   claim upon which a claim for § 1983 relief can be granted.  *Iqbal*, 129 S. Ct. at 1949 (a

8   complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

9   enhancement.'") (citing *Twombly*, 550 U.S. at 570).

10       For these reasons, Defendant Gill's Motion to Dismiss Plaintiff's inadequate medical care

11   claims is GRANTED pursuant to FED.R.CIV.P. 12(b)(6).

12   **D.    Exhaustion**

13       Finally, Defendant Gill claims Plaintiff "failed to exhaust his administrative remedies

14   with respect to the claim that [he] violated [Plaintiff's] Eighth Amendment rights" and therefore

15   those claims must also be dismissed pursuant to 42 U.S.C. § 1997e(a).  (Def.'s P&A's in Supp.

16   of Mot. to Dismiss [ECF Dkt. No. 19-1] at 7-8.)  Specifically, Defendant notes that while

17   Plaintiff claims to have filed "many administrative grievances and other protests," he does not

18   "specifically identify the exhaustion of remedies as to Dr. Gill."  (*Id.*)

19       42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison

20   conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

21   prison, or other correctional facility until such administrative remedies as are available are

22   exhausted." 42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory.

23   *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Section 1997e(a) "applies to all inmate suits about

24   prison life, whether they involve general circumstances or particular episodes, and whether they

25   allege excessive force or some other wrong."  *Id.* at 532; *see also Booth v. Churner*, 532 U.S.

26   731, 739-40 & n.5 (2001) (requiring exhaustion regardless of whether the specific remedy sought

27   by the prisoner is "available" within the administrative grievance procedure).  However, non-

28   exhaustion under § 1997e(a) is an affirmative defense, and Defendant Gill carries the burden of

1   raising and proving its absence. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315

2   F.3d 1108, 1119 (9th Cir. 2003) (same).

3        Here, Gill argues that Plaintiff has failed to exhaust "in accord with *Jones*" because he

4   simply "check[ed] a box on [his] form [Amended Complaint]," and "alleged actions from

5   various defendants at different periods of time," but his "generic statements ... as to exhaustion

6   do not "specify the areas in which he initiated administrative remedies as to Dr. Gill." (Def.'s

7   P&As in Supp. of Mot. to Dismiss at 7.) But *Jones* clearly holds that the "failure to exhaust

8   [under § 1997e(a)] is an affirmative defense ...[and] inmates are not required to specially plead

9   or demonstrate exhaustion in their complaints." 549 U.S. at 216. Instead, it is Defendant Gill

10   who must "demonstrate" Plaintiff's failure to exhaust, by providing documentary evidence,

11   including affidavits, which serve as proof of Plaintiff's administrative grievance records and do

12   more than simply "describe the inmate appeals process." *Id.*; *Wyatt*, 315 F.3d at 1119-20 (noting

13   defendant prison officials' "superior access to prison administrative records in comparison to

14   prisoners, especially, as is often the case, when prisoners have moved from one facility to

15   another."). In this case, Defendant Gill fails to provide any evidence whatsoever as to Plaintiff's

16   administrative grievance record. Therefore, he has not carried his burden under *Jones* or *Wyatt.*

17        Moreover, to the extent Defendant suggests Plaintiff's incomplete or non-specific

18   allegations related to exhaustion *by themselves* satisfy his burden of proving Plaintiff's failure

19   to exhaust, he is mistaken. In *Wyatt*, the Ninth Circuit found that while exhaustion is an

20   affirmative defense, "[a] prisoner's concession to non-exhaustion is a valid ground for

21   dismissal." 315 F.3d at 1120. However, Plaintiff's exhaustion allegations fall far short of

22   "conceding" his failure to satisfy 42 U.S.C. § 1997e(a). First, while he is not required to plead

23   exhaustion at all, when asked on the Court's form Civil Rights Complaint, "Have you previously

24   sought and exhausted all forms of informal or formal relief from the proper administrative

25   officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form

26   602, etc]?", Plaintiff checked the "Yes" box. (Amend. Compl. at 9.)

27        And while Plaintiff does further claim that "many" of his administrative grievances "went

28   unanswered and [were] ignored," this cannot fairly be counted as a "concession" to non-

1  exhaustion–nor does it necessarily establish that he failed to exhaust any of his claims.  *See*

2  *Wyatt*, 315 F.3d at 1120 (finding dismissal under § 1997e(a) inappropriate where "the record

3  is not clear" regarding prisoner's exhaustion concession); *see also Brown v. Valoff*, 422 F.3d

4  926, 936-37 (9th Cir. 2005) ("[T]here can be no 'absence of exhaustion' unless some relief

5  remains 'available,'" therefore, "a defendant must demonstrate that pertinent relief remained

6  available, whether at unexhausted levels of the grievance process, or through awaiting the results

7  of the relief already granted as a result of that process.").

8          Thus, because Defendant Gill shoulders the burden of establishing non-exhaustion, but

9  provides the Court with nothing more than Plaintiff's own contradictory statements regarding

10  his attempts to use GFBDF's administrative grievance process as proof, the Court DENIES his

11  Motion to Dismiss Plaintiff's claims to the extent it is premised on a failure to exhaust pursuant

12  to 42 U.S.C. § 1997e(a).  *See Wyatt*, 315 F.3d at 1119; *Jones*, 549 U.S. at 216 ("[I]nmates are

13  not required to specially plead or demonstrate exhaustion in their complaints.").

14  **IV.     Conclusion and Order**

15          Based on the foregoing, the Court hereby:

16          (1)     DISMISSES Defendants WILSON DOE, San Diego Sheriff Officer; BROWN

17  DOE, San Diego Sheriff Officer; JOHN DOES, GBDF Doctor, San Diego County Medical

18  Division; JANE DOES, GBDF Doctor, San Diego County Medical Service Division; JOHN

19  DOES, 5A Rover San Diego Sheriff Officer; JANE DOES, GBDF Nurses, and JOHN DOES

20  1-3, San Diego Sheriff Officers, for failure to amend and/or prosecute pursuant to S.D. CAL.

21  CIVLR 15.1, 41.1, FED.R.CIV.P. 15(a), and FED.R.CIV.P. 4(m); and

22          (2)     GRANTS Defendant Gill's Motion to Dismiss Plaintiff's Amended Complaint for

23  failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) [ECF Dkt. No. 19].  However, Plaintiff

24  is GRANTED thirty (30) days in which to file and serve a Second Amended Complaint which

25  addresses the deficiencies of pleading identified in this Order.  Plaintiff is further cautioned that

26  should he elect to amend, his Second Amended Complaint must be complete in itself, and that

27  any claim not re-alleged shall be considered waived.  *See* S.D. CAL. CIVLR 15.1; *King v. Atiyeh*,

28  814 F.2d 565, 567 (9th Cir. 1987).

1        If Plaintiff does *not* file and serve a Second Amended Complaint within that time, this

2    case shall proceed on Plaintiff's First Amended Complaint (ECF Dkt. No. 7), but only as to the

3    Defendants who were named, served by the U.S. Marshal, and who have Answered:   Brandt O.

4    Pile (erroneously sued as "Pile Doe"), Lizzie Womack, and Sarandi Marina (ECF Dkt. No. 22).

5        IT IS SO ORDERED.

6

7    DATED:  November 14, 2012

8                                               BARRY TED MOSKOWITZ, Chief Judge

9                                             United States District Court