UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, et al.<br><br>    Defendants. | Case No. 10cv2682-BTM (BLM)<br><br>**ORDER DENYING (1) PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATION UNDER THE ADA, (2) PLAINTIFF'S REQUEST FOR A COMPETENCY HEARING, AND (3) ALLAN TRACY GILMORE'S MOTION FOR APPOINTMENT OF NEXT FRIEND OR COUNSEL**<br><br>**[ECF Nos. 36, 38 & 51]** |

Currently before the Court is Plaintiff's November 8, 2012 "Motion For Entitlement of Americans Disability Act (ADA) Reasonable Accommodation Under Rehabilitation Act Title II Required Appointment Of Counsel" [ECF. No. 36], November 13, 2012 Motion For A Competency Hearing [ECF. No. 38], Defendants' Opposition to Plaintiff's Request for Competency Hearing [ECF No. 52], and Mr. Allan Tracy Gilmore's January 14, 2013 *"Ex Parte* Motion and Request for Court to Appoint Next Friend or Appoint Counsel to Litigate on Behalf of Hoang Minh Tran Due to Incompetence" [ECF No. 51].

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, the motions [ECF Nos. 36, 38 & 51] are **DENIED**.

///

**BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on December 20, 2010. ECF No. 1. On July 25, 2011, Plaintiff filed his First Amended Complaint. ECF No. 7 ("FAC"). In his FAC, Plaintiff alleges that his civil rights were violated and he was denied equal protection, freedom of speech, due process, adequate medical care, and freedom from cruel and unusual punishment while he was detained in the George F. Bailey Detention Facility on August 1st, 6th, and 12th 2009. Id. at 1-4. Specifically, Plaintiff alleges that he was denied a welfare package containing various personal hygiene products and forced into solitary confinement without any type of hearing. Id. at 2-3. Plaintiff further contends that he was improperly denied medication for hemorrhoids in retaliation for his alleged role in the high profile escape of another inmate from the detention facility. Id. at 4-5. Finally, Plaintiff alleges that certain Defendants illegally confiscated his bible, violating his right to freedom of religion. Id. at 6.

Plaintiff filed a motion for appointment of counsel on December 20, 2010. ECF No. 3. That motion was denied on May 23, 2011 in an order finding that "neither the interests of justice nor exceptional circumstances" warranted the appointment of counsel. ECF No. 4.

On February 21, 2012, Defendant John Gill, M.D., filed a motion to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) for failure to state a claim.[1]  ECF No. 19. On May 31, 2012, Defendants Sarandi Marina, Lizzie Womack, and Brandt O. Pile filed answers to the FAC. ECF Nos. 21 and 22.

On August 27, 2012, Plaintiff filed another motion for appointment of counsel after being released from incarceration. ECF No. 25. That motion was denied on October 24, 2012 because Plaintiff again failed to establish "the extraordinary circumstances necessary to justify a pro bono appointment." ECF No. 30 at 3.

On October 11, 2012, Defendants Sarandi Marina, Lizzie Womack, and Brandt O. Pile filed a Motion to Compel Plaintiff to Respond to Discovery and the Court issued a briefing schedule that same day. ECF Nos. 26 & 27. The motion was granted in part and denied in part by the

---

[1] Defendant Gill's motion to dismiss was granted on November 14, 2012 and Plaintiff was given thirty days in which to file and serve a second amended complaint which he did not do. ECF No. 39.

Court on November 7, 2012. ECF No. 34. In the order, Plaintiff was not sanctioned, but was ordered to respond to Defendants' written discovery by November 30, 2012. Id. at 4.

On October 19, 2012, the Court held a Mandatory Settlement Conference and Plaintiff failed to appear. ECF No. 29. On that same day, the Court issued an Order to Show Cause why Sanctions Should not be Imposed for Plaintiff's failure to appear and required Plaintiff to file a declaration regarding his failure. Id. Plaintiff filed a Motion for Relief of Sanctions on November 2, 2012 that the Court interpreted as Plaintiff's declaration. ECF No. 33. After reviewing Plaintiff's declaration and speaking with Plaintiff at the hearing, the Court declined to impose sanctions. ECF No. 41.

On November 8, 2012, Plaintiff filed a "Motion For Entitlement of Americans Disability Act (ADA) Reasonable Accommodation Under Rehabilitation Act Title II Required Appointment Of Counsel." ECF No. 36. On November 13, 2012, Plaintiff filed a Motion For A Competency Hearing, and on November 29, 2012, Plaintiff filed a notice of voluntary dismissal. ECF Nos. 38 & 43. All three documents were accepted on discrepancy by District Judge Barry T. Moskowitz and the first two referred to Magistrate Judge Barbara L. Major. ECF. Nos. 35, 37 & 42. To aid in evaluating Plaintiff's motions, the Court issued an order on December 14, 2012 asking Plaintiff to submit "all of his medical records from January 1, 2012 to the present, that support his allegations that he is incompetent" and Defendants to respond. ECF No. 44. Plaintiff timely filed his supporting documents on January 7, 2013 and Defendants filed an opposition to the motion for a competency hearing on January 25, 2013. ECF Nos. 48, 49 & 52.

On January 14, 2013, Mr. Allan Tracy Gilmore filed an "Ex Parte Motion and Request for Court to Appoint Next Friend or Appoint Counsel to Litigate on Behalf of Hoang Minh Tran Due to Incompetence." ECF No. 51.

The Court vacated all dates set forth in the Court's June 1, 2012 Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 23] on February 6, 2012 in response to Defendants' February 1, 2013 motion to continue dates [ECF No. 53]. ECF No. 54.

///

///

## DISCUSSION

**A.     Motion For Entitlement of Reasonable Accommodation**

In his "Motion for Entitlement of Americans Disability Act (ADA) Reasonable Accommodation Under Rehabilitation Act Title II Required Appointment Of Counsel," Plaintiff argues that he is a person with a disability under the ADA due to his numerous physical and mental conditions and, therefore, is entitled to the "appropriate and reasonable accommodation [of] attorney representation." ECF No. 36 at 1-4.  In support, Plaintiff states that the medication that he takes has "adversary [sic] side effect[s] such as: drowsiness, dizziness, light headache, and lack of concentration to focus while [sic] prevented him to learn how to or become an [sic] competent pro se litigant or attorney" and that "[d]enying appointed counsel for certain disabled civil litigants violated Title II . . . of the ADA." Id. at 2.  Plaintiff further states that the Court's failure to appoint counsel would be tantamount to preventing Plaintiff from bringing his case and a denial of "equal justice and fair treatment." Id. at 4.  Finally, Plaintiff argues that appointing counsel should be considered along the same lines as providing an interpreter or closed caption decoders because counsel would interpret the law and allow Plaintiff to participate in litigating his case. Id. at 5-6.  The Court interprets Plaintiff's motion as his third request for counsel.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Since the outset of this case more than a year-and-a-half ago, Plaintiff has drafted and submitted numerous pleadings and motions without the assistance of counsel.  For example, Plaintiff has submitted a complaint and an amended complaint [ECF Nos. 1 & 7], two previous

motions to appoint counsel [ECF Nos. 3 & 25], a motion for relief from sanctions [ECF No. 33], the instant ADA motion [ECF No. 36], a motion for a competency hearing [ECF No. 38], and a notice of voluntary dismissal [ECF No. 43]. From the Court's review of these documents, it is apparent that Plaintiff has a sufficient grasp of his case and the issues involved, and he is able to adequately articulate the factual and legal basis of his claims.[2] Although Plaintiff's allegations are sufficient to state a claim for relief, the Court finds that Plaintiff's likelihood of success on the merits is low. However, even if the Court determined that it is likely that Plaintiff will succeed on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" warranting the appointment of counsel.

Plaintiff's instant motion to appoint counsel makes essentially the same arguments: he is physically disabled, he is mentally disabled[3], and he is relying upon another layman for legal assistance. ECF Nos. 3, 25, & 36. Plaintiff essentially makes the same argument that every *pro se* inmate could make—namely, that an attorney could or would handle this case better than he can. ECF No. 36 at 5-6. This argument does not warrant the appointment of counsel. Thus, in his instant motion, Plaintiff does not allege any different facts or circumstances to change the Court's prior decision that there are no exceptional circumstances that warrant appointing an attorney to represent him. In addition, Plaintiff has not demonstrated that he is entitled to counsel under the ADA or that his medical conditions prevent him from litigating this case.

Plaintiff contends that appointed counsel would assist him in interpreting communications from the Court and participating in "pretrial proceedings such as deposition, discovery, and interrogatory, and gather fact finding or when it comes to trial." ECF No. 36 at 5-6. However, factual disputes and anticipated examinations of witnesses at trial do not warrant the finding of exceptional circumstances supporting an appointment of counsel. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998)

---

[2]Plaintiff's reliance on prisoners for assistance in drafting his pleadings [see ECF No. 3 at 10 & 25 at 7] does not alter this analysis. See, e.g., Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case . . . .").

[3]The Court addresses this allegation in more detail in Section B.

(en banc) (holding that the appellant "may well have fared better [with appointed counsel]– particularly in the realms of discovery and the securing of expert testimony–but this is not the test"); see also Peterson v. Anderson, 2009 WL 4506542, at *3 (D. Mont. Dec. 2, 2009) (citing Wilborn, 789 F.2d at 1331) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily.  This alone does not deem a case complex."). "[A]ny pro se litigant certainly would be better served with the assistance of counsel."  Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("[A] *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.").  But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions."  Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").  Despite his assertions to the contrary, Plaintiff has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex.

The Court denied Plaintiff's previous requests for counsel [ECF Nos. 4 & 30], and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy.  Plaintiff has failed to demonstrate an inability to represent himself beyond the ordinary burdens encountered by *pro se* parties, and the Court finds that the "exceptional circumstances" required for court-appointed counsel are absent.  See, e.g., Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

B.    **Motion For A Competency Hearing**

In his Motion For A Competency Hearing, Plaintiff seeks to have the Court hold a competency hearing pursuant to Federal Rule of Civil Procedure ("FRCP") 17(c).  ECF No. 38. In support, Plaintiff states that he suffers from "[s]chizophrenia; PTSD; severe depression; and chronic anxiety which making [sic] it very very difficulty [sic] for him to comprehend and comply with the pretrial proceedings Court's ordered" and that his "psychotropic and painkiller medications" are causing him to feel drowsy, dizzy, and have headaches and are leaving him

unable to concentrate. Id. at 1-2. Additionally, Plaintiff submitted copies of his recent medical records which he believes supports his claim of incompetency. ECF Nos. 48 & 49.

In their opposition, Defendants contend that Plaintiff's motion should be denied "because he understands the nature and consequences of his lawsuits against Defendants and is repeatedly demonstrating his ability to represent himself." ECF No. 52 at 3. In support, Defendants state that Plaintiff "has been selective about how to advance his litigation posture" and that his behavior has shown that "he understands the nature and extent of the proceedings, and when convenient he can represent himself." Id. For example, when faced with the threat of sanctions from the Court, Plaintiff attended and participated in an Order to Show Cause hearing. Id. Defendants further state that the mental health records submitted by Plaintiff in support of his claim do not provide reasonable cause to believe that Plaintiff is incompetent. Id. at 7. Specifically, Defendants note that the records show that Plaintiff is stable on his current medications and that despite speaking broken English, Plaintiff is able to "advocate for himself very well." Id.

The Ninth Circuit Court of Appeals has held that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen, 408 F.3d 1150, 1153 (9th Cir. 2005). If a competency hearing is warranted, the Court must appoint counsel for the limited purpose of representing the petitioner at the competency hearing. See Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A(g)"). Although the Allen court did not specify what constitutes "substantial evidence" of incompetence or what is the "appropriate standard," it gave some guidance. In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant medical records. Id. at 1151-53.

In Allen, the petitioner submitted his own sworn declaration and a declaration from a fellow inmate which stated that Allen was mentally impaired and did not understand the court's

orders. Id. at 1151. He also submitted a letter from a prison psychiatrist which stated that Allen was in the Enhanced Outpatient Program ("EOP") at the prison, had been "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic medications." Id. at 1151-52. Allen filed a second declaration in support of his motion for appointment of counsel in which he stated that he suffered from a "'debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications'" and that the mental illness combined with the medications "'severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court.'" Id. at 1152. The Ninth Circuit concluded that this was sufficient to require the district court to make a determination as to Allen's competency by appointing counsel and conducting a competency hearing. Id. at 1153-54.

Here, Plaintiff has failed to submit substantial evidence of incompetence to justify a competency hearing. Like the prisoner in Allen, Plaintiff has submitted a declaration from a former fellow inmate, Mr. Gilmore, who states that he is "a witness to in affirmation Plaintiff Hoang Ming Tran's mental incompetence, and physical disability and further Plaintiff's severe lack of ability to prosecute his case in a court of law."[4] ECF No. 51 at 9. However, unlike the plaintiff in Allen, Plaintiff does not have medical records to support his claim of incompetency. ECF No. 49. Specifically, Plaintiff has submitted numerous documents which show that he has a history of mental illness including depression, schizophrenia, post traumatic stress disorder, anxiety, and a suicide attempt[5], and that he has been treated with various medications and therapy for those illnesses[6]; however, none of those documents show that Plaintiff, in his current state and with his current medications, is incompetent. ECF No. 49 at 8, 36, 51, & 73. In fact, the documentation shows that with his current medication, Plaintiff "feels relatively stable" and that Plaintiff's doctors found him to be of average intellect and have age appropriate and normal memory,

---

[4] While the Court accepts Mr. Gilmore's opinion that Plaintiff is mentally incompetent and lacks the ability to prosecute his claims, the Court finds it difficult to evaluate these opinions since Mr. Gilmore provides no facts or observations to support his conclusions.

[5] Plaintiff attempted to cut his left wrist on March 2010 in response to a command from an auditory hallucination to end his life. No stitches were required. Id. at 47.

[6] Plaintiff received counseling while incarcerated that was helpful. Id. at 8.

insight, and judgment Id. at 8, 12, & 36. On February 6, 2012 that doctor noted that Plaintiff's "English is a little broken but can advocate for self very well." Id. at 32. In March 2012, Plaintiff's doctors considered him to be anxious, but alert and oriented. Id. at 25.

In addition to his mental difficulties, Plaintiff's records demonstrate that he has a variety of physical health problems. The medical records show that Plaintiff has a history of hernias, epileptic seizures, joint pain, hearing loss, insomnia, and hemorrhoids. Id. at 57-58, 60-61 & 71. The records do not, however, state or imply that any of these physical conditions have left Plaintiff incompetent and unable to care for himself or proceed with this litigation. Id. While Plaintiff's records show that Plaintiff's does have some difficulties,[7] for the reasons described above, Plaintiff has not shown substantial evidence of incompetence.

In addition to their content, the medical records also show that Plaintiff has diligently followed up with his medical care, attended his appointments, taken his medications as prescribed, and advocated for himself when he felt that a medication was not working or there was some other problem with his treatment, which supports the finding that Plaintiff has not demonstrated incompetency.[8]

Finally, this Court had the opportunity to personally observe Plaintiff during the Order to Show Cause hearing and did not observe any behavior or statements indicating mental incompetence. ECF No. 52, Exhibit 1. While Mr. Tran repeatedly asked for a lawyer to be appointed to represent him, his responses were appropriate to the Court's questions and indicated that he clearly understood the proceedings. Id. Plaintiff explained to the Court that he could not comply with the written discovery requests now that he was out of custody because he does not have access to his "prisoner assistant" and he experienced "emotional anxieties" or

---

[7] See Id. at 8 ("he hears some voices (non command) when he is alone"), 33 ("poorly coping/engages was selected due to clt reporting increase in Sx distress which is negatively affecting his daily functioning"), 34 (Plaintiff has "difficulty with organizing his appts and information"), 40 ("he has some flashbacks from time to time . . . [from] his family['s] escape from Vietcong"), and 76 ("appears older than stated age").

[8] See Id. at 29 ("client verbalized complaint about Abilify keeping him awake at night and he is requesting Wellbutrin instead"), 30 ("Client presented to clinic as a stand by patient to see provider for a record review and possible copying of requested records. Client also wanted to discuss medication changes"), 57 (Plaintiff "wants to change to Percocet from Tylenol #3 or something different and better"), and 63 (Plaintiff "[w]ould also like a 'grip' for his cane. Cane is hurting his hand").

"panic attack[s]" when he tried to answer the discovery requests. Id. at 7. These symptoms do not indicate incompetence and Plaintiff's oral advocacy supports competence. The Court's observations are buttressed by the number of and quality of Plaintiff's pleadings.[9]

Because Plaintiff has not presented substantial evidence of current incompetence, other than his own motion stating that he suffers "drowsiness, dizziness, light headache and lack of concentration"[10], and Mr. Gilmore's conclusory declaration, which is refuted by legitimate medical records, Petitioner's request for a competency hearing is **DENIED**.

C.  *Ex Parte* **Motion for Court to Appoint Next Friend or Appoint Counsel**

In his *"Ex Parte* Motion and Request for Court to Appoint Next Friend or Appoint Counsel to Litigate on Behalf of Hoang Minh Tran Due to Incompetence," Mr. Allan Tracy Gilmore seeks to have the Court appoint a next friend to Plaintiff or, in the alternative, appoint counsel to litigate on behalf of Plaintiff. ECF No. 51. In support, Mr. Gilmore states that under FRCP 17(c) Plaintiff may "sue by a next friend or by guardian ad litem" since he does not have a duly appointed representative. Id. at 4. Mr. Gilmore also states that Plaintiff qualifies for counsel under 18 U.S.C.A. § 3006A. Id. Finally, Mr. Gilmore notes that while he has been assisting Plaintiff up to this point, he "has done all that he is able to do" and "is an incarcerated individual and surely cannot appear in court on behalf of Plaintiff . . . acting in the capacity as counsel." Id. at 2.

In their opposition to Plaintiff's request for a competency hearing, Defendants also oppose Plaintiff's request for appointment of a next friend. ECF No. 52 at 5. In support, Defendants note that "Mr. Gilmore would be ill suited to be appointed as an officer of the court. And as Mr. Gilmore himself acknowledges, as an incarcerated person he cannot make appearances for plaintiff." Id.

If Mr. Gilmore is motioning for the Court to appoint a next friend in support of Plaintiff's motion for a competency hearing, the request is **DENIED**. As discussed above, the Court does

---

[9]In addition, to this case, Plaintiff has filed nine other lawsuits in this district and has been actively litigating three of them. The other seven cases are closed.

[10]While potentially uncomfortable and frustrating, Plaintiff does not present any medical evidence that these symptoms leave him incompetent.

not find that Plaintiff has presented sufficient evidence to support his claim of incompetence and Mr. Gilmore's motion does nothing to alter that finding. If Mr. Gilmore is requesting that the Court appoint him as Plaintiff's next friend, the request is **DENIED** for the reasons discussed below.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1159-1160 (9th Cir. 2002) (citing Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1194 (9th Cir. 2001)).

Mr. Gilmore fails to satisfy the first prong of the next friend test as he has not demonstrated that Plaintiff is unable to litigate his own case. While Mr. Gilmore states that Plaintiff's mental incompetence and physical disability render him unable to litigate ths action, Mr. Gilmore fails to provide any support for his conclusion or evidence that he is qualified to make a determination as to Plaintiff's competency.

With respect to the second prong, Mr. Gilmore has not demonstrated that he is dedicated to the best interest of Plaintiff. As quoted above, Mr. Gilmore believes that he has done all that he is able to do and cannot make appearances for Plaintiff or perform other duties because he is currently incarcerated. ECF No. 51 at 2. Also, in Whitmore, the Supreme Court explained that "'[h]owever friendly'" and "'sympathetic'" a petition may be, and however concerned the petitioner is that "'unconstitutional laws [are being] enforced,'" a petitioner without a significant relationship does not suffer a sufficient grievance for standing purposes." Whitmore, 495 U.S. at 166. Here, Mr. Gilmore has not indicated that he has any relationship with Plaintiff apart from assisting him with his legal affairs. ECF No. 52. Having demonstrated no significant relationship with Plaintiff, Mr. Gilmore has failed to satisfy the second prong of the test for "next friend"

status.[11] Mr. Gilmore merely states that he is "a witness . . . to Plaintiff Hoang Minh Tran's mental incompetence, and physical disability." Id. at 9. This relationship is insufficient to support "next friend" standing. As such, Mr. Gilmore's motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 8, 2013

*Barbara F Major*

BARBARA L. MAJOR
United States Magistrate Judge

---

[11]Mr. Gilmore cites to a Bowen v, Rubin, 213 F. Supp. 2d 220, 226 (E.D. N.Y. Aug. 24, 2001) for the proposition that "a close relationship or blood tie need not exist between a proposed next friend and an individual in need of representation." ECF No. 51 at 2. While Mr. Gilmore's citation is correct, the Court notes that the next line of the case makes it clear that this is the position of the Second Circuit (stating "[t]he Second Circuit has construed Fed.R.Civ.P. 17(c) broadly, stating that a next friend include[s] any one who has an interest in the welfare of an infant [or incompetent] who may have a grievance or a cause of action" (internal quotations omitted)) which is not binding on our Court which is located in the Ninth Circuit.